O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DELBERT MCELWEE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-05-00212 |
| | § | |
| C.O. FLORES, HC 62, *et al*., | § | |
| | § | |
| Defendant. | § | |

**OPINION & ORDER**

Pending before the Court is Plaintiff Delbert McElwee's Motion for Leave to File Amended Claim. [Doc. No. 19]. Upon due consideration of the parties' arguments and the governing law, the Court GRANTS Plaintiff's motion.

**I.     PROCEDURAL BACKGROUND AND RELEVANT FACTS**

Plaintiff McElwee is a prisoner presently housed in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ). Litigating *pro se* and *in forma pauperis*, McElwee utilized 42 U.S.C. § 1983 and filed suit on September 28, 2005, alleging that Defendants--various prison personnel--violated his Eighth Amendment rights when they, with "deliberate indifference," forced him to perform prison duties in contravention of his medical work restrictions, thereby causing him to suffer needless pain and suffering. [Doc. No. 1 at 8]. Furthermore, McElwee alleged that Defendants with "deliberate indifference" failed to protect his physical safety after he notified Defendants of repeated threats of harm by his cell mate. [Doc. No. 1 at 10].

On February 2, 2006, McElwee filed his Motion for Leave to File Amended Claim, seeking to add additional Defendants John Becraft, C.O. R. Elledge, L.L. S. Baldwin, C.O. Adams, and Dr.

Harold Clayton--all prison personnel at the TDCJ Beto Unit, where McElwee is housed--to this suit, alleging that these individuals "retaliated" and "harassed" him because of his legal pursuits. [Doc. No. 19 at 6]. He also alleges that these additional Defendants have obstructed his access to the courts by "creating undue hardships, for which [P]laintiff has no recourse, but through this Court by amending said cause." [Doc. No. 19 at 6].

## II.     DICUSSION

Under Federal Rule of Civil Procedure 15(a), pleadings may be amended once as a matter of course before a responsive pleading is served, and thereafter by leave of court. The rule provides that such leave "shall be freely given when justice so requires." *Id.* However, a party's ability to amend his pleadings is "by no means automatic." *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir.1979). Considerations that may warrant a district court's denial of leave include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

In their response to Plaintiff's Motion for Leave, filed June 6, 2006, Defendants argue that McElwee's motion should be denied because it "represents a futile effort which lacks an arguable basis in law." [Doc. No. 32 at 3]. An amendment is futile when "the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). Consequently, a futility analysis "tends to  blur the distinction between analysis of the procedural context under Rule 15(a) and analysis of the sufficiency of the complaint under Rule 12(b)(6)" via a motion to dismiss. *Jamieson v. Shaw*, 772 F.2d at 1208-09. Under this standard, then, whether granting

McElwee leave to amend would be futile depends on how the Court interprets his proposed amended complaint. Since McElwee has proceeded *pro se*, the Court is obliged to hold McElwee's pleadings to a "less stringent standard[] than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court should not deem McElwee's proposed amended complaint as futile unless the Court can "say with assurance that under the allegations . . . it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Fifth Circuit has "clearly established" that prison officials "may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). A complaint alleging such conduct is a "claim of constitutional proportions which is actionable under section 1983." *Id.* In order to state a cognizable claim of retaliation, a plaintiff must allege (1) a specific constitutional right; (2) that a retaliatory adverse act was committed; (3) causation; and (4) that the defendant intended to retaliate against the prisoner for his or her exercise of the right in question. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam). In their response brief, Defendants concede that "[i]t can be argued that Plaintiff has raised the violation of two constitutional rights: denial of due process and access to [the] courts." [Doc. No. 32 at 3]. However, Defendants argue that McElwee's proposed amended complaint cannot satisfy the other three requirements.

Contrary to Defendants' assertion, McElwee does allege a retaliatory adverse act—specifically, he alleges that Defendant Becraft filed "fraudulent disciplinary cases against" him. [Doc. No. 19 at 6]. He also alleges that Defendant Becraft wrongly confiscated materials Plaintiff needed to pursue his legal claims. *Id.* Regarding causation, McElwee claims that the acts resulted in "undue hardship in pursuit of his legal claims in the cause." [Doc. No. 19 at 6].

As stated above, Plaintiff must also adequately allege that Defendants *intended* to retaliate against him for his decision to exercise his rights--in this case, the right to access the courts. It is not enough, according to the Fifth Circuit, for McElwee to offer only conclusory allegations of intent, but rather he must "produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (citing *Woods v. Smith*, 1166 60 F.3d 1161, 1166 (5th Cir. 1995). Defendants invoke this "direct evidence" requirement to demonstrate futility. However, it is important that the Fifth Circuit in *Woods* articulated this "direct evidence" requirement within the context of reviewing the propriety of a district court's summary judgment ruling--a context in which a non-movant's evidentiary burden is significantly higher than the burden imposed at the dismissal phase. In any event, McElwee does provide a "chronology" of incidences spanning from March through November 2005, in which Defendants allegedly obstructed his access to the courts. [Doc. No. 19 at 6]. Thus, the Court cannot say at this time that it is inconceivable that McElwee may be able to show that Defendants intended to obstruct his access to the Courts. Therefore, under the four-prong test applied in *Jones* by the Fifth Circuit, McElwee has stated a cognizable claim of retaliation.

Additionally, in its opposition brief, Defendants concede that "[i]t can be argued that Plaintiff has raised the violation of two constitutional rights: denial of due process and access to courts." [Doc. No. 32 at 3]. As the Fifth Circuit has stated in a case similar to this one, allegations such as these give rise to "an *independent* § 1983 action" *Woods*, 60 F.3d at 1165 (emphasis added), since access to the courts is a "discrete constitutional right," *Simmons v. Dickhaut*, 804 F.2d 182, 183 (1st Cir. 1986), the deprivation of which may be vindicated separately from a suit for retaliation. *See also Bounds v. Smith*, 430 U.S. 817, 828 (1977) (describing the right of access to the courts as a "fundamental" one), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996). Thus, whether McElwee can satisfy the four-prong test applied above is not

necessarily dispositive.

The Court thus disagrees that McElwee should be denied the opportunity to file an amended complaint for reasons of futility. Accordingly, Plaintiff's motion for leave to file his amended complaint is **GRANTED**. Plaintiff's amended complaint shall be filed within 45 days of this Order.

IT IS SO ORDERED.

DONE this 26th day of July, 2006 in Laredo, Texas.

Micaela Alvarez
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**