UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **DELBERT MCELWEE,** § | |
| § | |
| Plaintiff, § | |
| VS. § | **CIVIL ACTION NO. L-05-212** |
| § | |
| **C.O. FLORES, HC 62,** *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Plaintiff Delbert McElewee is an offender presently housed in the Texas Department of Criminal Justice Correctional Institutions Division.  Litigating *pro se* and *in forma pauperis*, he initially filed a lawsuit pursuant to 42 U.S.C. § 1983, asserting that Defendants violated his constitutional rights to be free from cruel and unusual punishment under the Eight Amendment to the United States Constitution.  Additionally, Plaintiff alleges that Defendants failed to protect his safety after Plaintiff notified them of repeated threats of harm from his cell mate.

At an initial pretrial conference on October 4, 2007 before United States Magistrate Judge Adriana Arce-Flores, Plaintiff indicated that he no longer wished to pursue his claims against Defendants, and intended to file a motion to dismiss.  [Dkt. No. 40].  Having failed to submit his motion to the Court, on December 19, 2007, Judge Arce-Flores ordered Plaintiff to file a motion to dismiss no later than January 18, 2008.  [Dkt. No. 41].  Additionally, Judge Arce-Flores ordered that if Plaintiff failed to submit the motion by the prescribed deadline, the Court would hold a telephonic status conference on January 22, 2008.  [*Id.*]

Rather than submitting a standard motion to dismiss, on January 16, 2008, Plaintiff filed a letter addressed to United States District Court Judge Micaela Alvarez, stating: "PAY ATTENTION!  This is my 2nd time to notify you.  One might think you TOO STUPID to have

understood what 'Discontinue Pursuit of Cause # L-05-CV-212.'  Maybe, this time you'll figure it out."  [Dkt. No. 42].  Plaintiff then wrote the following in large font:  "Don't bother me!  Do not call!  Do not write!  DON'T BOTHER ME, NOW!!"  [Dkt. No. 42].

In his previous filings with this Court, Plaintiff has repeatedly requested leniency with regards to the presentation standards of his documents as a state prisoner filing *pro se* pursuant to 42 U.S.C. § 1983.  [*See* Dkt. Nos. 19 at 1, 20 at 1, 27 at 1, & 28 at 1.].  This Court construes liberally the claims of *pro se* appellants, and takes all well-pleaded allegations as true.  *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1999) (citing *Brinkmann v. Johnston*, 793 F.2d 111, 112 (5th Cir. 1986)).  However, this Court will not allow Plaintiff, or any other litigant before this Court—*pro se* or not—to abuse the forum provided through 42 U.S.C. § 1983 and will not tolerate such flagrant insolence and lack of deference.  Plaintiff's manner of communication with this Court demonstrates that he lacks the ability or will to conduct himself with the civility and order required by the Local Rules and by the Federal Rules of Civil Procedure.  The Court will not impose sanctions or take further action at this time but rather will construe Plaintiff's letter as a motion to dismiss his claims consistent with his communications to the Court at the October 4, 2007 initial pretrial conference before Judge Arce-Flores.  [*See* Dkt. No. 40 at 1].

However, the Court finds it necessary to place certain restrictions upon prospective lawsuits initiated by Plaintiff in order to safeguard the federal judiciary and shield parties from abusive and frivolous litigation.[1]  Several appellate courts have upheld orders limiting a *pro se* plaintiff's access to the courts.  *See Washington v. Alaimo*, 934 F. Supp. 1395, 1399 (S.D. Ga. 1996) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (holding that "federal courts have both the inherent power and constitutional obligation to protect their jurisdiction

---

[1] This Court is well familiar with Plaintiff and his conduct in connection with litigation as this Court has handled another of Plaintiff's cases.  Additionally, Plaintiff has another suit pending in this District.

from conduct which impairs their ability to carry out Article III functions"); *Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981); *Green v. Carlson*, 649 F.2d 285 (5th Cir. 1981); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986) (en banc) (per curiam))).  In enacting 28 U.S.C. § 1915, Congress intended to limit inmate filings, especially abusive, repeat filings. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious . . . ."). While "an absolute bar against a prisoner filing any suit in federal court would be patently unconstitutional," district courts have considerable discretion in restricting an abusive litigant's access to the federal judiciary. *See Procup*, 792 F.2d at 1070, 1071. In *Green*, the Fifth Circuit ordered that the District Courts within its circuit may:

> refuse to accept for filing any petitions, complaint, motions, or other pleadings that are accompanied by applications for leave to file or proceed *in forma pauperis*, except for those petitions, complaints, motions, or other pleadings that specifically allege constitutional deprivation by reason of physical harm or threats to petitioner's person; for cases within the above exception, the usual procedure under 28 U.S.C. § 1915(a) will be followed, and the District Court, pursuant to 28 U.S.C. § 1915(d), may dismiss the petition or complaint without requiring a response if the allegation of poverty is untrue, or if in its judgment the pleading is frivolous on its face or malicious.

649 F.2d at 287.

Accordingly, this Court hereby ENJOINS Plaintiff from filing a lawsuit in this or any other federal district court unless the following conditions are met:

1. Plaintiff shall include with his complaint a signed affidavit in which he swears that he has read Federal Rule of Civil Procedure 11 and that he will abide by the tenets listed therein.

2. For any suit filed in a federal district court in Texas, the above-referenced affidavit must also aver that Plaintiff has read Section IV of the Texas Lawyer's Creed and that despite not being a lawyer, Plaintiff will abide by its tenets.[2]

3. Plaintiff shall attach a photocopy of this Order to his complaint.

Furthermore, the Clerk is hereby ORDERED to return any complaint submitted by Plaintiff that fails to comply with this Order.

As for the present case, the Court GRANTS Plaintiff's "motion to dismiss." The Court will issue a final judgment in Civil Action Number L-05-cv-212 under separate cover. The Clerk is ORDERED to mark this case CLOSED.

IT IS SO ORDERED.

DONE this 27th day of March, 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[2] A copy of such section is provided herein for Plaintiff's benefit.

## **TEXAS LAWYER'S CREED**

### IV.   LAWYER AND JUDGE

Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.

1. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol.

2. I will conduct myself in Court in a professional manner and demonstrate my respect for the Court and the law.

3. I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility.

4. I will be punctual.

5. I will not engage in any conduct which offends the dignity and decorum of proceedings.

6. I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.

7. I will respect the rulings of the Court.

8. I will give the issues in controversy deliberate, impartial and studied analysis and consideration.

9. I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.